# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KENDRICK DEWAYNE HARRIS, JR.**                                       **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO. 3:16CV284-RP**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

## MEMORANDUM OPINION

The Commissioner of Social Security has moved to dismiss plaintiff's complaint for failure to timely file his complaint for judicial review of the final decision of the Commissioner. Docket 7. Having reviewed the pending motion, the plaintiff's responsive brief (Docket 9, 10) and Commissioner's reply brief (Docket 11), as well as the applicable law, the court finds that the Commissioner's Motion for Summary Judgment[1] should be GRANTED.

### I. Factual and Procedural Background

On September 17, 2015, an administrative law judge ("ALJ") issued an unfavorable decision as to plaintiff's application for supplemental security income. The Plaintiff requested review of the ALJ's decision, and on September 23, 2016, the Appeals Council denied the requested review and mailed a Notice of Appeals Council Action to plaintiff and his counsel informing plaintiff of the final decision. The Notice also advised plaintiff that he had sixty days from receipt of the Notice to commence a civil action in federal court or request an extension if he so desired.

---

[1]Because both parties submitted matters outside the pleadings for the court's consideration, the court has converted the motion to one for summary judgment. Fed. R. Civ. P. 12(d).

Plaintiff asserts that his attorney received an undated Notice on September 30, 2016, but that the envelope containing the Notice was dated September 27, 2016. Defendant notes that even if plaintiff's date of September 27, 2016 is considered the date of Notice for the purpose of calculating the time for appeal, plaintiff's Complaint filed on December 5, 2016 is still untimely as the 65 days for appeal ran on December 1, 2016. In his three page response to the Motion to Dismiss, the only defense plaintiff asserts to the untimely filing of the Complaint is that he suffers from "mental issues" and allegedly was unable to "get to a notary public and get the documents back to his attorney's office in a timely manner." Docket 9, p. 2.

## II. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 325. If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586; see also *Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010). "Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Where a party opposes summary judgment on a claim or defense on which that party will bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. Analysis

The defendant seeks dismissal pursuant to FED. R. CIV. P. 12(b)(1) of plaintiff's complaint for failure to timely pursue his appeal from the ALJ's final decision. 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) dictates that a claimant has 60 days plus five days for mailing[2] from the date he receives notice of the Appeals Council's decision denying a request for review to file an action in federal court. The Fifth Circuit has held that the 60-day period set forth in § 405(g) is a statute of limitation rather than a jurisdictional requirement. *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991). The 60-day period serves as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

---

[2]The Agency presumes receipt five days after the date of the Notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. § 416.1401.

However, "Congress has authorized the Secretary to toll the 60-day limitations period" when "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barr v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990). If a claimant fails to timely to file his federal court complaint or obtain an extension of time from the Appeals Council, she may invoke the doctrine of equitable tolling. *Flores*, 945 F.2d at 113 (citing *Bowen*, 476 U.S. at 480)(concluding that "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress'). Equitable tolling may be appropriate where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Flores*, 945 F.2d at 113 n. 5. See also Torres v. Barnhart, 417 F.3d 276, 282 (2nd Cir. 2005). The Supreme Court has held in a different context that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

There is no dispute that the plaintiff's complaint was not timely filed. The plaintiff filed his complaint in this court on December 5, 2016 and that date is beyond the 65 day statute of limitations set forth in § 405(g). The Appeals Council sent notice of its action to the plaintiff and plaintiff's attorney, informing him of his right to commence a civil action within 60 days from the date of receipt. The parties have submitted conflicting evidence regarding the date the notice was mailed. Plaintiff submitted the copy of the Notice received by his attorney on September 30 which is undated, but claims the envelope was dated September 27, 2016. Docket

4

10. Defendant submitted its copy of the Notice which is stamped September 23, 2016. Docket 8 at 29.

Pursuant to 20 C.F.R. § 422.210(c), plaintiff must have filed his appeal 60 days from the date he received notice of the Appeals Council's decision denying a request for review. Plaintiff concedes that he received the Notice on September 30, 2016. Considering the facts in the light most favorable to the plaintiff, the deadline for filing his appeal in federal court was November 29, 2016 if calculating based upon the actual receipt of the Notice. If calculating the deadline based upon the date the Commissioner mailed the Notice, September 27, 2016, plaintiff must have filed his complaint by December 1, 2016.

Despite the fact that plaintiff's counsel does not address the issue of equitable tolling and never actually asks that the court apply the doctrine of equitable tolling, the court nevertheless will address whether the circumstances of this case warrant application of the doctrine of equitable tolling. The plaintiff has not presented the court with any evidence in support of an excuse for his tardiness, but very briefly cites "mental health issues" and "inability to get to a notary public and get the documents back to his attorney's office in a timely manner" as a basis for his request that the court allow his case to proceed. However, to the extent that the court can construe this submission as a claim that a physical or mental condition prevented the plaintiff from complying with the statute of limitations, the claim fails.

First, while the plaintiff may have suffered from certain mental or physical conditions, nothing contained in the record supports a conclusion that the plaintiff's condition was "so deficient as to excuse [him] from complying with the limitations period." See *Barrs*, 906 F.2d at 122. Further, if some physical or mental condition or other "good cause" prevented the plaintiff

from filing his federal court case, he could have sought an extension from the Appeals Council. However, plaintiff has never sought an extension. See 20 C.F.R. § 404.982, 416.1482 (2011). Even if the court adopted the sixty-five day period available when presumptive notice applies, the claim is untimely. Plaintiff's letter from his attorney further evidences that Plaintiff had ample notice that time was of the essence, and no evidence has been presented that refutes his ability to understand such notice. Accordingly, the court finds this is not a "rare" case that warrants equitable tolling. As such, there is no genuine issue as to any material fact and summary judgment is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well taken and should be GRANTED. A separate Final Judgment in accordance with this opinion will issue.

SO ORDERED, this, the 15th day of May, 2017.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE